IN THE MATTER OF THE ELECTION OF DIRECTORS OF THE UNITED STATES CAST IRON PIPE AND FOUNDRY COMPANY.

Argued November 20, 1906—Decided February 25, 1907.

When a corporation keeps no transfer book for the transfer of its capital stock, other than its certificate of stock book, and such certificate of stock book is in fact used as its transfer book in recording the evidence of the transfer of shares of its capital stock from one stockholder to another—*Held*, that if such certificate book, thus used as a transfer book, be present at the place and time of electing directors, together with all other books and stockholders' lists required by the thirty-third section of "An act concerning corporations," approved April 21st, 1896 (*Pamph. L.*, p. 277), the directors then in office are not ineligible to re-election as directors at such election.

Application, under the forty-second section of the Corporation act, for a summary review of the election of directors.

Before Justices FORT, PITNEY and REED.

For the application, *Joseph H. Gaskill* and *Frank S. Katzenbach, Jr.*

*Contra, Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

FORT, J. The petition in this case is filed under the forty-fourth section of our Corporation act. *Dill. Corp.* 75. It seeks to have an election of directors of the United States Cast Iron Pipe and Foundry Company, held on the 27th of June, 1906, set aside and a new election ordered under the statute.

The chief allegation in the petition is that the directors elected were ineligible to election because of the failure on the part of the corporation to comply with the thirty-third section of the Corporation act. *Dill. Corp.* 64. This section provides as follows:

"Every corporation shall keep at its principal and registered office in this state the transfer books in which the transfer of stock shall be registered, and the stock books which shall contain the name and address of the stockholders, number of shares held by them, respectively, which shall at all times during the usual hour of business be open to the examination of every stockholder." This section then proceeds to provide that the directors shall cause the secretary of the company, or other officer to be designated by them, to make, at least ten days before an election, a full, true and complete list, in alphabetical order, of all the stockholders entitled to vote at such election, with their residence and the number of shares held by each. This list is required to be kept at the principal and registered office open to the examination of stockholders for the ten days aforesaid, and if failure in this respect is made by any officer having charge of the

books, there is a forfeiture for such offence of $200, and the statute then proceeds to enact as follows:

"The books aforesaid shall be the only evidence as to who are stockholders entitled to examine such books or list and to vote at such election; and the board of directors shall produce at the time and place of such election such books and list, there to remain during the election, and the neglect or refusal of said directors to produce the same shall render them ineligible to any office at such election." *Pamph. L.* 1896, § 33, *p.* 288.

The proof in this case shows that the stockholders' list was made, but that it was not on file in the home office of the company at the city of Burlington for the ten days before the election, but only for six days, but it is undisputed that it was at the home office when the election was held on the 27th of June, 1906.

The proof also shows that the company keeps a stock book, or a stock ledger, as it is called, in which the names and addresses of the stockholders, and the number of shares held by them, respectively, is contained.

It also appears that no transfer book, as distinguished from the certificate of stock book and the stock ledger, is kept.

The only books kept by the company, as shown by the proof, are the certificate book, which shows all the transfers of stock made by the company, and the stock ledger, as herein described.

So that upon the day of election there was at Burlington, at the home office where the election of directors was held, all the books kept by the corporation with relation to the transfer of stock, and they were all open to the inspection of all the stockholders, and there was there at such election as well a list of stockholders, in alphabetical order, entitled to vote at such election.

The only question for our determination on this state of facts is whether the directors elected at the election, who were the directors who had previously acted and under whose control the books and papers were kept, were eligible to be elected.

There is nothing in the Corporation act that requires any particular form of stock transfer book shall be kept other than the requirement that the books of any corporation in which the transfer of stock shall be registered shall be produced at the election, there to remain during the election.

In view of the proof that the preservation of the original transfers in the stock certificate book renders that book the book in which the transfers of stock are registered within the meaning of section 33 of the Corporation act, we think that the statute in this case was complied with. If a stock transfer book is kept other than the certificate book, it is only for the purpose of preserving in one book the original evidence of transfers, or possibly the secondary evidence thereof.

The purpose of requiring the transfer book to be present at the election undoubtedly is that the inspectors of the election may have at hand the original evidence of stock transfers in case of controversy arising out of the record upon the stock ledger. This is evidenced by the fortieth section of the Corporation act, which expressly declares that in case the right to vote upon any share of stock shall be questioned, the inspectors shall refer to the stock books, and in case of discrepancy between the books, the transfer book shall control and determine who are entitled to vote.

If the transfer book is to be considered better evidence than the stock ledger, then when the certificate book is used as a transfer book and all transfers of stock are made upon a surrender of the certificate and an endorsement of the transfer of the same thereon, then the very best evidence of such transfer is the certificate itself, with its endorsements.

By the forty-second section of the Corporation act, under which this proceeding is taken, it is provided that the court shall inquire into the cause of complaint and establish the election complained of, or order a new election, or make such order and give such relief in the premises as right and justice may require.

On the whole case we conclude that the alphabetical list of stockholders was present, the stock ledger was there, and that the only transfer book which the corporation had or kept,

which was a certificate book, was also there, and that there was no such failure to comply with the thirty-third section of the Corporation act as would make the directors elected at the election of June 27th, 1906, ineligible, and hence the election of said directors is established.

The petition is dismissed, with costs.